*EXHIBIT A*

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF WASHINGTON                                  TENTH JUDICIAL DISTRICT

                                                      Case Type: Employment
Jean-Carlo Chavez,                                    Court File No.:_____

       Plaintiff,

v.                                                    **SUMMONS**

Renewal by Andersen LLC,

       Defendant.

THE STATE OF MINNESOTA TO THE ABOVE NAMED DEFENDANT(S):

1. **YOU ARE BEING SUED.** The Plaintiff has started a lawsuit against you. The Plaintiff's Complaint against you is attached to this Summons. Do not throw these papers away. They are official papers that affect your rights. You must respond to this lawsuit even though it may not yet be filed with the Court and there may be no Court file number on this Summons.

2. **YOU MUST REPLY WITHIN 21 DAYS TO PROTECT YOUR RIGHTS.** You must give or mail to the person who signed this Summons **a written response** called an Answer within 21 days of the date on which you received this Summons. You must send a copy of your Answer to the person who signed this Summons located at Ahlberg Law, PLLC, 333 Washington Avenue North, Suite 300, Minneapolis, Minnesota, 55401.

3. **YOU MUST RESPOND TO EACH CLAIM.** The Answer is your written response to the Plaintiff's Complaint. In your Answer you must state whether you agree or disagree with each paragraph of the Complaint. If you believe the Plaintiff should not be given everything asked for in the Complaint, you must say so in your Answer.

4. **YOU WILL LOSE YOUR CASE IF YOU DO NOT SEND A WRITTEN RESPONSE TO THE COMPLAINT TO THE PERSON WHO SIGNED THIS SUMMONS.** If you do not Answer within 21 days, you will lose this case. You will not get to tell your side of the story, and the Court may decide against you and award the Plaintiff everything asked for in the Complaint. If you do not want to contest the claims stated in the Complaint, you do not need to respond. A Default Judgment can then be

1

entered against you for the relief requested in the Complaint.

5.     **LEGAL ASSISTANCE.**  You may wish to get legal help from a lawyer.  If you do not have a lawyer, the Court Administrator may have information about places where you can get legal assistance.  **Even if you cannot get legal help, you must still provide a written Answer to protect your rights or you may lose the case.**

6.     **ALTERNATIVE DISPUTE RESOLUTION.**  The parties may agree to or be ordered to participate in an alternative dispute resolution process under Rule 114 of the Minnesota General Rules of Practice.  You must still send your written response to the Complaint even if you expect to use alternative means of resolving this dispute.

Dated: August 11, 2020                                    AHLBERG LAW, PLLC

                                                          */s/ Ryan H. Ahlberg*
                                                          Ryan H. Ahlberg, Esq. (#386520)
                                                          Union Plaza Building, Suite 300
                                                          333 Washington Avenue North
                                                          Minneapolis, Minnesota  55401
                                                          (612) 900-2269
                                                          rahlberg@ahlberglaw.com
                                                          Attorney for Plaintiff

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: August 11, 2020                                    */s/ Ryan H. Ahlberg*
                                                          Ryan H. Ahlberg, Esq. (#386520)

| | |
|---|---|
| STATE OF MINNESOTA | DISTRICT COURT |
| COUNTY OF WASHINGTON | TENTH JUDICIAL DISTRICT |

Jean-Carlo Chavez,

    Plaintiff,

v.

Renewal by Andersen LLC,

    Defendant.

Case Type: Employment
Court File No.:_____

**COMPLAINT**

Plaintiff Jean-Carlo Chavez, as and for his Complaint against Defendant Renewal by Andersen LLC, states and alleges as follows:

## PARTIES AND VENUE

1. Plaintiff Jean-Carlo Chavez (hereinafter "Chavez") is an individual residing in Washington County, Minnesota.

2. Defendant Renewal by Andersen LLC (hereinafter, "Renewal"), is a Minnesota limited liability company and maintains a registered office located at 551 North Maine Street, Bayport, Minnesota 55003.

3. Venue is proper pursuant to Minn. Stat. § 542.09 as the allegations that form the basis of this Complaint occurred in Washington County, Minnesota.

## FACTUAL ALLEGATIONS

4. Chavez began working at Renewal beginning in or around July 2015 as a

temporary associate. Beginning in or around October 2016, Chavez began working full-time for Renewal.

5. As team lead in his department, Chavez earned either $24 or $25 per hour and worked at least 40 hours per week. Dependent on the "season", Chavez averaged eight to thirteen hours of overtime per week.

6. Renewal has over fifty employees and Chavez worked the requisite 1250 hours in the prior twelve months to qualify for Family Medical Leave Act (hereinafter, "FMLA') leave, which Renewal was obligated to provide.

7. On or around Sunday, October 27, 2019, Chavez became mentally incapacitated due to the stress and struggle associated with a custody battle for his son. The four-year struggle left Chavez extremely fatigued and depressed. That night, Chavez remarked to his significant other that he could not "do it anymore", and that he wanted to leave and "live off the grid." His mental incapacity constituted a serious medical condition under the FMLA.

8. Chavez saw a doctor on or around Monday, October 28, 2019, and missed work that day, as well as Tuesday, October 29, 2019, Wednesday, October 30, 2019, and Thursday, October 31, 2019. Chavez followed the necessary routines and rituals for missing work.

9. Chavez returned to work on or around Friday, November 1, 2019, and provided his supervisor, Joseph Ross (hereinafter, "Ross") with notes from his doctor.

10. Upon his return to Renewal, Chavez was instructed to file for leave under the Family Medical Leave Act (hereinafter, "FMLA").

11. On or around Monday, November 4, 2019, Ross reminded Chavez to complete his FMLA request.

12. On or around Tuesday, November 5, 2019, Chavez followed the directions of Ross and another supervisor, Jacob VanSomeren (hereinafter, "VanSomeren"), about how to apply for FMLA through The Hartford.

13. Due to the stress and depression Chavez suffered as a result of the custody battle for his son, Chavez was to see a therapist once per week. Chavez scheduled his sessions around work and never missed work due to his sessions.

14. On or around Friday, December 13, 2019, Chavez was informed by Ross and Raymond Ronayne (hereinafter, "Ronayne"), the human resources business partner, that his FMLA was denied because his paperwork was allegedly not filed in a timely manner.

15. As a result of Chavez's FMLA being denied, Chavez was terminated for poor attendance. Renewal had previously implemented a new point system for attendance. Accruing sixteen attendance points resulted in disciplinary action. Prior to Chavez becoming mentally incapacitated and missing four days of work, Chavez had already accrued twelve attendance points.

16. As a direct and proximate result of Renewal conduct, Chavez has suffered

damages, including but not limited to, economic damages, other compensatory damages, liquidated damages, other statutory and punitive damages, costs of suit, and attorney's fees.

## CAUSE OF ACTION I
## FMLA Entitlement (29 U.S.C. § 2615(a)(1))

17. Paragraphs 1 through 17 are incorporated herein by reference.

18. An FMLA entitlement claim "occur[s] where an employer refuses to authorize leave under the FMLA or takes other action to avoid responsibilities under the Act." *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1005 (8th Cir. 2012). This category of claims includes circumstances where "[a]n employer's action . . . deters an employee from participating in protected activities." *Stallings v. Hussmann Corp.*, 447 F.3d 1041, 1050 (8th Cir. 2006).

19. Renewal's actions, as described herein, constituted FMLA violations. Renewal was required under the FMLA to allow Chavez to take leave as he was entitled to under the FMLA to deal with the serious mental health issues.

20. Moreover, once made aware of the issue, had Renewal complied with its obligations under the FMLA, Chavez's absences would have been excused and he would have not been terminated.

21. While an employee "must comply with the employer's usual and customary notice and procedural requirements for requesting leave," "unusual circumstances" protect an employee's right to FMLA if an employee provides "sufficient

information for an employer." *Brown v. Lester E. Cox Medical, Centers,* 286 F. 3d 1010 (8th Circuit 2002).

22. As a direct and/or proximate result of Renewal's conduct, Chavez has suffered damages in excess of $50,000 to be proved with further specificity at trial, and additionally seeks civil penalties and injunctive relief as allowed by statute.

## CAUSE OF ACTION II
### FMLA Discrimination (29 U.S.C. § 2615(a)(2))

23. Paragraphs 1 through 23 are incorporated herein by reference.

24. An FMLA discrimination claim arises when an employer takes adverse action against an employee because the employee exercises rights to which he is entitled under the FMLA. *Pulczinski v. Trinity Structural Towers, Inc.*, 691 F.3d 996, 1006 (8th Cir. 2012).

25. Chavez engaged in statutorily-protected conduct and exercised rights to which he was entitled under the FMLA when he informed Renewal that he was dealing with serious mental health issues.

26. Renewal's actions, as described herein, constituted an adverse employment action.

27. As a direct and/or proximate result of Renewal's conduct, Chavez has suffered damages in excess of $50,000 to be proved with further specificity at trial, and additionally seeks civil penalties and injunctive relief as allowed by statute.

**WHEREFORE**, Chavez requests a **JURY TRIAL** on his claims and judgment against Renewal as follows:

1. As to Cause of Action I, for judgment in favor of Chavez in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order granting any other appropriate legal or equitable relief pursuant to statute;

2. As to Cause of Action II, for judgment in favor of Chavez in an amount greater than $50,000.00 to be proved with further specificity at trial, and; for an order granting any other appropriate legal or equitable relief pursuant to statute;

3. For Chavez's costs, disbursements and attorney's fees incurred herein;

4. For such other and further relief as the Court deems just and equitable.

Dated: August 11, 2020                          AHLBERG LAW, PLLC

*/s/ Ryan H. Ahlberg*
Ryan H. Ahlberg, Esq. (#386520)
Union Plaza Building, Suite 300
333 Washington Avenue North
Minneapolis, Minnesota 55401
(612) 900-2269
rahlberg@ahlberglaw.com
Attorney for Plaintiff

## ACKNOWLEDGEMENT

The undersigned acknowledges that pursuant to Minn. Stat. § 549.211 sanctions may be awarded by the Court for violation of said section.

Dated: August 11, 2020                          */s/ Ryan H. Ahlberg*
                                                Ryan H. Ahlberg, Esq. (#386520)